# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1691 | **DATE** | August 21, 2001 |
| **CASE TITLE** | Dyer v. Lumpkin, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion for Clarification/Modification of the Court's Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' Motion for Clarification/Modification of the Court's Order is granted. See reverse side of minute order. Enter Amended Memorandum Opinion and Order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| √ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 23 2001 date docketed | |
| | Notified counsel by telephone. | | | 32 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 AUG 23 AM 9: 04 | date mailed notice | |
| LC/RG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

On August 2, 2001, this Court granted defendants' Motion to Dismiss, and dismissed Counts I through VIII without prejudice. The Court did not dismiss Count IX, finding that defendants' had not argued for dismissal of such count. Defendants' seek clarification/modification of the August 2, 2001 Order, alleging that defendants had argued that Count IX should have been dismissed in their motion.

Upon review of the motion to dismiss, defendants' memorandum in support of the motion to dismiss, plaintiff's response, and defendants' reply, defendants' had argued that plaintiffs' equal protection claims should be dismissed for failure to state a claim. While defendants' memorandum in support of their motion to dismiss sought to dismiss plaintiff's equal protection claim, Count IX was not specifically referenced. However, paragraph 4 of the motion to dismiss does state that plaintiff's equal protection claim in Count IX should be dismissed. Furthermore, the argument in defendants' memorandum applies equally to the equal protection claim in Count IX as it did for Counts III and IV.

Accordingly, defendants' motion is granted and an amended order is entered.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIA A. DYER, M.D., MPH, | ) |
| Plaintiff, | ) |
| | ) No. 01 C 1691 |
| v. | ) |
| | ) Judge John W. Darrah |
| JOHN R. LUMPKIN, M.D., MPH, ILLINOIS DEPARTMENT of PUBLIC HEALTH, GOVERNOR GEORGE H. RYAN, REVEREND EDWARD HAMB, GEORGE RICHARDS, BRUCE FINNE, GARY ROBINSON, MICHELLE GENTRY-WISEMAN, MARK SCHMIDT, DARREL BALMER, MICHAEL SCHWARTZ, DEANNA MOOL, and GEORGE A.P. MURPHY, | ) |
| Defendants. | ) |

DOCKETED AUG 23 2001

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff, Julia A. Dyer (Dyer), filed a multi-count complaint against defendants. Dyer alleges, collectively, that defendants violated her constitutional rights in various ways, including her First Amendment, equal protection, and due process rights. Counts five through eight are state law claims alleging violation of the Whistle Blower Protection Act, intentional and/or reckless infliction of emotional distress, and defamation. Before the Court are defendants' Motions to Dismiss.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

Dyer is an African American who was employed by the Illinois Department of Public Health

(IDPH) as Deputy Director of the IDPH Office of Health and Wellness. John Lumpkin is the Director of IDPH; George H. Ryan is the Governor of Illinois; Reverend Edward Hamb is the Assistant to the Governor for African American Affairs; George Richards (Richards) is the Chairman of the Illinois Civil Service Commission (ICSC); Bruce Finne (Finne) is the Executive Director of the ICSC; Gary Robinson is the Deputy Director for Finance and Administration of IDPH; Michelle Gentrry-Wiseman is the Chief of Staff of IDPH; Mark Schmidt is the Assistant Director; Deputy Director of the Office of Health and Wellness; Darrel Balmer is the Chief Internal Auditor of IDPH; Michael Schwartz is the Director of Central Management Services; Deanna Mool is the Chief Counsel of IDPH; and George Murphy is the State Police Deputy Director, Division of Internal Affairs. All of the defendants, with the exception of the IDPH, are sued individually.

Dyer was the IDPH Medical Deputy Director from July 1994 to July 22, 1999. On July 1, 1999, Dyer was appointed to the four-year term position of IDPH Deputy Director of the Office of Health and Wellness. On October 21, 1999, defendants asked Dyer to resign from her position at IDPH. Dyer refused to resign; and, on October 22, 1999, Dyer was placed on paid administrative leave pursuant to a "hearing" conducted that day to which Dyer had not been invited to attend and from which she received no documents or verbal notice of disciplinary actions.

Defendants initiated an alleged State Police investigation of Dyer on November 2, 1999, which was not acknowledged as received by the State Police until December 20, 1999. Ironically, also on December 20, 1999, Dyer wrote and personally delivered a letter to Governor Ryan.

On December 21, 1999, defendants prepared the first Statement of Charges against Dyer. Dyer responded in writing to these charges. On March 8 and 9, 2000, defendants convened pre-termination hearings to which Dyer was not invited to participate and which resulted in a second

Statement of Charges received by Dyer on March 9, 2000. Dyer received approved charges for discharge on March 20, 2000, and filed an appeal with the Civil Service Commission on March 28, 2000. A hearing on Dyer's appeal was held; at which time, Dyer was represented by counsel.

Finne, the Administrative Law Judge (ALJ) presiding over Dyer's appeal, found that four of the written charges for discharge were proved and that the said proven charges warranted discharge of Dyer from her position.[1] The Civil Service Commission accepted the ALJ's decision on December 20, 2000.

Dyer concedes that the IDPH, as an agency of the State of Illinois, is entitled to immunity under the Eleventh Amendment of the United States Constitution. *Ryan v. Illinois Dept. of Children & Family Serv.*, 185 F.3d 751, 758 (7th Cir. 1999) (*Ryan*). Accordingly, all claims against IDPH are dismissed with prejudice.

Defendants Finne and Richards argue that they are entitled to absolute quasi-judicial immunity from this suit.

Absolute immunity is applicable not only to government officials, such as a prosecutor or judge, but also to officials performing "functionally comparable" acts in other contexts, such as administrative agencies. *Butz v. Economou*, 438 U.S. 478, 512 (1978). Applying this principle, courts have accorded absolute immunity to a variety of administrative hearing officers or adjudicators who perform quasi-judicial activities. *See e.g., Crenshaw v. Bayard*, 180 F.3d 866, 868 (7th Cir. 1999) (*Crenshaw*) (commissioners of the Indiana Civil Rights Commission entitled to absolute quasi-judicial immunity); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996) (absolute

---

[1]These facts are taken from the decision of ALJ Finne. On a motion to dismiss, the Court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

immunity applicable to prisoner review board members making parole revocation decisions). "Immunity is justified and defined by the functions it protects and serves, not the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Illinois law has adopted the same legal standards for absolute judicial immunity as the federal courts. *See e.g., Generes v. Foreman*, 277 Ill. App. 3d 353, 354-55 (1995).

Here, Finne was the ALJ of the Civil Service Commission. The Civil Service Commission is authorized by Illinois law to conduct hearings regarding the discharge of employees. 20 ILCS 415/10(6). By regulation, the administrative law judge has the authority to conduct a hearing, examine witnesses, receive relevant evidence, rule on motions, take official notice of generally recognized facts, and render findings of fact, conclusions of law, and recommendation for an order to the Civil Service Commission. 80 Ill. Adm. Code 1.200. Accordingly, Finne, as the administrative law judge, performed duties functionally comparable to those of a judicial officer; and he is afforded absolute quasi-judicial immunity and is dismissed from this suit with prejudice.

Richards, Chairman of the Civil Service Commission, affirmed Finne's decision recommending Dyer's discharge. Pursuant to Illinois law, the Civil Service Commission has the authority to affirm, reverse, modify, or set aside, in whole or in part, the decision of the Administrative Law Judge. 80 Ill. Adm. Code 1.270(a). Here, four commissioners of the Civil Service Commission and Chairman Richard "read" and "adopted" Finne's decision and "determined" that the written charges against Dyer had been proved and warranted Dyer's discharge. The Civil Service Commission members, although not members of a court, performed duties functionally comparable to those of a judicial officer; and they are afforded absolute quasi-judicial immunity. *See Crenshaw*, 180 F.3d at 868. Accordingly, Richards, in his capacity as Chairman of

the Civil Service Commission, is afforded absolute quasi-judicial immunity and is dismissed from this suit with prejudice.

Count I of Dyer's complaint alleges that the defendants retaliated against her because she exercised her First Amendment rights of the United States Constitution. The complaint identifies examples of Dyer's alleged protected conduct in relation to her "petitions for redress of grievances". The examples include written communications with defendants about her removal and the filing of a civil suit seeking a writ of mandamus for the return of her position. Count I does not state that this conduct constituted matters of public concern, as shall be discussed below.

A claim for retaliation for the exercise of First Amendment rights entails a three-step analysis. First, the Court must determine whether the plaintiff's conduct was protected under the First Amendment. *Kokkinis v. Ivkovich*, 185 F.3d 840, 843 (7th Cir. 1999) (*Kokkinis*). If this is demonstrated, the plaintiff must show that the defendants' actions were motivated by the plaintiff's constitutionally protected conduct. *Kokkinis*, 185 F.3d at 843. The plaintiff must show that the defendants would not have taken the challenged actions "but for" the constitutionally protected conduct. *Thomsen v. Romeis*, 198 F.3d 1022, 1027 (7th Cir. 2000) (*Thomsen*). If plaintiff has met this burden, the defendants must show by a preponderance of the evidence that they would have taken the same actions even in the absence of the protected conduct. *Thomsen*, 198 F.3d at 1027.

In determining whether speech is protected, the Court must consider the content, form, and context of the speech. *Connick v. Myers*, 461 U.S. 138, 147 (1983) (*Connick*). "[S]peaking up on a topic that may be deemed one of public importance does not automatically mean the employee's statements address a matter of public concern as that term is employed in *Connick*." *Kokkinis*, 185 F.3d at 844. The public concern element is lacking if the conduct "concerns a subject of public

interest but the expression addresses only the personal effect upon the employee." *Cliff v. Board of School Comm'rs of City of Indianapolis*, 42 F.3d 403, 410 (7th Cir. 1994). To be a matter of public concern, the conduct must concern more than a personal employee grievance. *Hubert v. Wihelm*, 120 F.3d 648, 653 (7th Cir. 1997).

Dyer's conduct in Count I fails to demonstrate a public concern. Instead, all of the conduct is related to Dyer's personal employment grievance and her desire to return to work. Dyer's conduct demonstrates that the written communications and suit were not done to raise awareness of matters of public concern but, instead, to vindicate her rights in her position. Therefore, Count I fails to establish Dyer engaged in constitutionally protected conduct.

Furthermore, Dyer's suit seeks to hold defendants liable in their individual capacities. "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Therefore, a complaint must allege that the defendants personally were involved in the constitutional wrongdoing. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (*Zimmerman*).

Dyer's complaint only identifies the individuals responsible for each of the alleged acts that violated her First Amendment rights as "defendants"; Dyer does not allege that any of the individual defendants were personally involved in the alleged constitutional wrongdoing. Other than the introductory paragraphs setting forth who the individual defendants are, Dyer fails to mention any defendant by name in any allegation. Dyer attempts to remedy her complaint with exhibits that are attached to her response to defendants' Motions to Dismiss. However, Dyer cannot amend her complaint through attachments to her response to a motion to dismiss. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107

(7th Cir. 1984). Accordingly, Count I of Dyer's complaint is dismissed. *See Zimmerman*, 226 F.3d at 574 (affirming district court's dismissal of defendants because plaintiff did not allege defendants were personally involved in the constitutional wrongdoing).

Count II of Dyer's complaint also alleges that the defendants retaliated against her because she exercised her First Amendment rights of the United States Constitution. Count II states that Dyer's protected conduct involved matters of public concern which indirectly and directly affected the rights of citizens who IDPH was mandated to protect as well as the lives and health of citizens of the State of Illinois. Examples of such conduct included communications with IDPH officials about actions of IDPH management and communications with elected and appointed officials concerning abuses of authority, mismanagement, malfeasance, and other problems with IDPH. However, Dyer failed to allege that any of the defendants were personally involved in the constitutional wrongdoing. Therefore, Count II of Dyer's complaint is dismissed.

Count III of Dyer's complaint alleges a violation of Dyer's procedural due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. Federal Rule of Civil Procedure 8(e)(2) allows a party to set forth two or more statements of a claim in one count; however, Rule 10(b) requires pleading separate counts for each distinctive statutory and constitutional claim, Fed. R. Civ. P. 10(b); *Goerlich v. Davis*, 1991 WL 195772 (N.D.Ill. Sept. 25, 1991). Accordingly, plaintiff's separate constitutional claims should be pled in separate counts. However, the Court addresses each of plaintiff's claims.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (*Mathews*), in determining whether implementation of a government action violates procedural due process, the court evaluates: (1) the private interest that will be affected by the official action; (2) the probability of error and the

effect of additional safeguards on that rate of error; and (3) the government interest involved, including the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. In the employment context, once an employee establishes the existence of a property interest, the employee ordinarily has the right to notice and a reasonable opportunity to respond prior to termination. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (*Loudermill*).

An employee covered by the civil service protections of the Illinois Personnel Code is entitled to a pre-discharge hearing. *Ryan*, 185 F.3d at 761. "The required hearing need only be 'an initial check against mistaken decisions,' and its essential requirements are 'notice and an opportunity to respond.'". *Ryan*, 185 F.3d at 761 quoting *Loudermill*, 470 U.S. at 545-46. Due process requires that the "employee be given the chance to tell her side of the story and that the agency be willing to listen." *Ryan*, 185 F.3d at 762.

Dyer's complaint alleges, in part, that defendants refused to give her information that was in their possession which would have allowed her to defend herself from false charges and that the administrative hearing was grossly inadequate for a multitude of reasons. These allegations sufficiently plead that Dyer was not given the chance to properly present her side of the story.

However, Dyer failed to allege that any of the defendants were personally involved in the constitutional wrongdoing. Therefore, Dyer's due process claim is dismissed. *See Zimmerman*, 226 F.3d at 574.

Dyer's equal protection claim in Count III is also insufficient because she failed to allege the requisite personal involvement of defendants in the alleged deprivation. Furthermore, Dyer failed to plead that she is otherwise similarly situated to members of an unprotected class as required in an

equal protection claim. *See McPhaul v. Board of Comm'rs of Madison County*, 226 F.3d 558, 564 (7th Cir. 2000) (*McPhaul*). Therefore, Dyer's equal protection claim in Count III is dismissed.

Count IV of Dyer's complaint alleges that Dyer was denied her substantive due process and equal protection rights.

A substantive due process claim must be based on the deprivation of an underlying protected life, liberty, or property interest. *Zorzi v. County of Putnam*, 30 F.3d 885, 894 (7th Cir. 1994) (*Zorzi*). Dyer's complaint does not state she was deprived an underlying life, liberty, or property interest. In addition, assuming Dyer is claiming a violation of occupational liberty, her claim still fails because occupational liberty is not protected by substantive due process. *Zorzi*, 80 F.3d at 894.

Dyer's complaint does state that the defendants' conduct was arbitrary and capricious. However, in the absence of a life, liberty, or property interest, an employee can be terminated for arbitrary and capricious reasons. *Zorzi*, 80 F.3d at 895. Accordingly, Dyer's substantive due process claim is dismissed.

Count IV also alleges a violation of equal protection. Dyer's equal protection claim in Count IV is insufficient because she failed to allege the requisite personal involvement of defendants in the alleged deprivation and because she failed to plead that she is otherwise similarly situated to members of an unprotected class. *See McPhaul*, 226 F.3d at 564. Therefore, Dyer's equal protection claim in Count IV is dismissed.

Counts V through VIII allege state law tort claims. Defendants argue that these claims must be brought in the Court of Claims pursuant to Illinois Law.

The Court of Claims Act, 705 ILCS 505/8, states that the Court of Claims has exclusive jurisdiction for all claims for damages against the state. The statute is applicable to both claims

against the state and claims against state officials for actions taken in furtherance of their official functions. *Currie v. Lao*, 148 Ill. 2d 151 (1992); *Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996) (*Magdziak*). If the employee of the state is acting within the scope of his or her employment and is charged with breaching a duty that arose independently of his or her state employment, the Court of Claims Act does not apply. *Magdziak*, 96 F.3d at 1049.

In the instant case, all of Dyer's allegation relate to: (1) her being placed on administrative leave, (2) the acts of individuals in investigating the allegations pertaining to the reasons for her possible termination, (3) the process leading to the administrative hearing, (4) the administrative hearing, (5) her termination from employment, and (6) publicity stemming from the above. All of the allegations are against defendants who are state officials and are directly related to their actions as state officials. There are no allegations that any of the defendants acted independently of his or her state employment, and the allegations fail to support such an inference. Accordingly, Dyer is required to bring her state law claims in the Court of Claims, and they are dismissed. *See Magdziak*, 96 F.3d at 1049 (affirming the dismissal of state official defendants based on Court of Claims Act).

Count IX of Dyer's complaint alleges a violation of Dyer's equal protection rights. Dyer's equal protection claim in Count IX is insufficient because she failed to allege the requisite personal involvement of defendants in the alleged deprivation. *See Zimmerman*, 226 F.3d at 574. Therefore, Count IX is dismissed.

For the reasons stated above, defendants IDPH, Finne, and Richards are dismissed from all claims with prejudice; and Counts I through IX are dismissed without prejudice.

Dated: August 21, 2001

JOHN W. DARRAH
United States District Judge