Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1691 | **DATE** | 2/7/2002 |
| **CASE TITLE** | JULIA A. DYER, M.D. vs. JOHN R. LUMPKIN, | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Based on the findings, the Court need not address whether each of Dyer's claims should be dismissed for failure to state a claim. Defendants' motion to dismiss plaintiff's first amended complaint is granted. Plaintiff's First Amended Complaint is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 11 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 50 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 FEB -8 PM 12:35 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIA A. DYER, M.D., MPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 1691 |
| v. ) | |
| ) | Judge John W. Darrah |
| JOHN R. LUMPKIN, M.D.; GOVERNOR ) | |
| GEORGE H. RYAN; REVEREND EDWARD HAMB; ) | |
| GARY ROBINSON; MICHELLE ) | |
| GENTRY-WISEMAN; MARK SCHMIDT; ) | |
| DARREL BALMER; MICHAEL SCHWARTZ; ) | |
| DEANNA MOOL; and GEORGE A.P. MURPHY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Julia A. Dyer (Dyer), filed a multi-count complaint against Defendants. In August 2001, this Court dismissed Plaintiff's complaint without prejudice. Dyer filed an amended complaint, alleging that Defendants violated her constitutional rights in various ways, including her first amendment, equal protection, and due process rights, and state law claims, including breach of duty, intentional infliction of emotional distress, and defamation. Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

The underlying facts are more fully set forth in the Court's previous disposition and need not be repeated here. Any relevant additional facts in the amended complaint that are not included in the previous disposition are addressed as necessary.

Defendants argue, for the first time, that all of Dyer's claims are barred by the doctrine of *res judicata*.

On December 22, 1999, Dyer was informed that she was suspended pending discharge. Dyer alleged that she believed that she was served with false charges and that Lumpkin, Mool, and Schwartz continued to ignore their duties. Dyer responded in writing to the charges and made a timely demand for an appeal hearing to the Civil Service Commission.

Dyer filed a Verified Petition for Writ of Mandamus in the Circuit Court of Cook County (Circuit Court).[1] On February 15, 2000, she filed a Second Amended Verified Petition for Writ of Mandamus (Writ) with the Circuit Court. In the amended petition, Dyer alleged that in October 1999, John Lumpkin (Lumpkin) attempted to force her to resign from her position, and Deanna Mool (Mool) interrogated Dyer's staff about an anonymous letter. After Dyer refused to resign, she was placed on paid administrative leave. Later that month, Dyer requested that Lumpkin act as required by the Personnel Rules and provide a hearing. Dyer alleged that Lumpkin, Mool, and Michael Schwartz failed to properly address her request.

In her Writ, Dyer sought, in part, to be returned to her position and that Lumpkin Mool, and Schwartz be ordered to perform their duties as required by Illinois law. On June 9, 2000, the

---

[1] On a motion to dismiss, the court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

Circuit Court dismissed Dyer's Writ.

Since an Illinois court issued the prior judgment, this Court must look to Illinois law to determine whether *res judicata* bars plaintiff's claims. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000); 28 U.S.C. § 1738. In Illinois, *res judicata* bars relitigation of claims that could have been or were asserted in an earlier proceeding. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998) (*River View*). A claim is precluded if it shares three elements with an earlier action: (1) an identity of parties or their privies, (2) an identity of the causes of action, and (3) a final judgment on the merits. *River View*, 184 Ill. 2d at 302.

Dyer argues that the *res judicata* doctrine does not apply because there is not an identity of the parties or the causes of action.

Regarding the identity of parties or their privies, the parties do not have to be identical. *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 318 (1995) (*Schnitzer*). The requirement is met where the litigants' interests are sufficiently similar; as such, they may differ in name or number. *Schnitzer*, 274 Ill. App. 3d at 318. Privity exists between two parties who adequately represent the same legal interests. "It is the identity of the interest that controls in determining privity, not the nominal identity of the parties." *Schnitzer*, 274 Ill. App. 3d at 326.

Defendants in Dyer's Writ included Lumpkin, Mool, Schwartz, and Governor George Ryan. All four are also parties to the present cause of action. The instant complaint also names Reverend Edward Hamb, the Assistant to the Governor for African American Affairs; Gary Robinson, the Deputy Director for Finance and Administration at the Illinois Department of Public Health (IDPH); Michelle Gentry-Wiseman, the Chief of Staff at IDPH; Mark Schmidt,

the Assistant Director, Deputy Director OHW at IDPH; Darrel Balmer, the Chief Internal Auditor at IDPH; Michael Schwartz, the Director of Central Management Services; and George Murphy, Illinois State Police Deputy Director, Division of Internal Affairs. All of the alleged wrongful conduct by the defendants not named in the Writ that are defendants in the present case took place prior to the dismissal of Dyer's Writ, and all of the conduct is in relation to Dyer's alleged improper removal from her position at IDPH by state employees. Accordingly, all of the defendants in the present action had interests that are sufficiently similar to establish an identity of the parties. *See Schnitzer*, 274 Ill. App. 3d at 318.

Illinois applies the "transactional test" when determining whether claims are part of the same transaction. *River View*, 184 Ill. 2d at 310. Under this test, claims are identical "if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River View*, 184 Ill. 2d at 311. Claims are considered part of the same cause of action as long as they arise from the same transaction. *River View*, 184 Ill. 2d at 311.

A review of the Writ and the present amended complaint demonstrates that the claims in both actions arise from the same transactions. Both actions allege that Dyer was wrongfully removed from her position at IDPH based on wrongful conduct by the same parties or those in privity with those parties. In addition, all of the alleged wrongful conduct took place before Dyer's Writ was dismissed, allowing her to bring any claims for this conduct in the same proceeding.

Dyer's argument that the two causes of action do not constitute the same cause of action is without merit. Dyer cites *Rekhi v. Wildwood Indus. Inc.*, 61 F.3d 1313 (7th Cir. 1995), in

4

support of her conclusory statement that "[h]er constitutional claims could not have been litigated; and, therefore, claim preclusion does not apply". Dyer fails to discuss or apply *Rekhi* to her case.

In *Rekhi*, the Seventh Circuit found that *res judicata* did not apply to a disputed order by the Illinois Department of Labor because the mode of review for such an order was to file suit in state court. *Rekhi*, 61 F.3d at 1320. Here, Defendants do not argue that Dyer's claims are barred by the doctrine of *res judicata* because of an agency's order but because she could have included her other claims in her state court proceeding in addition to seeking a writ of mandamus. *Rekhi* is not applicable. Based on the above, an identity of the causes of action exists.

Dyer does not argue that the dismissal of her previous claim was not a final judgment on the merits. Dyer's Writ was dismissed by the Circuit Court; such constitutes a final judgment on the merits. *See River View*, 184 Ill. 2d at 303, *SDS*, 305 Ill. App. 3d at 896.

Based on the above, Dyer's claims are barred by the doctrine of *res judicata* and are dismissed with prejudice. *See e.g., Durgins v. City of East St. Louis*, 272 F.3d 841, 843 (7th Cir. 2001) (suit was barred by doctrine of *res judicata* because plaintiff could have brought constitutional claims in her state court administrative-review action).

Assuming *argumendo*, that plaintiffs' claims were not barred by the doctrine of *res judicata*, Dyer's tort claims are precluded by the Court of Claims Act, 705 ILCS 505/8.

In her amended complaint, Dyer again pleads three state law tort claims. Dyer's original state law tort claims were dismissed because Dyer was required to bring such claims in the Court of Claims pursuant to the Court of Claims Act. *See Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th

5

Cir. 1996).

The state law tort claims of Dyer's amended complaint again allege conduct by state officials that is directly related to their actions as such officials. Accordingly, Dyer is required to bring these claims in the Court of Claims, and they are dismissed with prejudice on this alternative ground.

Furthermore, Dyer cannot assert an equal protection claim based on the Thirteenth Amendment of the United States Constitution, and this claim (Count VI) is dismissed with prejudice on this alterative ground. *See Clark v. Universal Builders, Inc.*, 409 F.Supp. 1274, 1279 (N.D. Ill. 1979); *Susswell v. Northwestern Hosp.*, 1985 WL 665 (N.D. Ill. April 23, 1985).

Based on the above findings, the Court need not address whether each of Dyer's claims should be dismissed for failure to state a claim. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is granted. Plaintiff's First Amended Complaint is dismissed with prejudice.

Dated: 2/7/02

JOHN W. DARRAH
United States District Judge