

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1691 | **DATE** | 5/9/2002 |
| **CASE TITLE** | JULIA A. DYER, M.D. vs. JOHN R. LUMPKIN, M.D. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to August 14, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendant's motion for clarification/modification/reconsideration of the Court's February 7, 2002 Order is granted. The Court's February 7, 2002 Memorandum Opinion and Order and Minute Order are vacated, and the case is reopened. Defendants are given leave to file a responsive pleading, including a motion to dismiss, on or before May 24, 2002. Any response thereto shall be filed on or before June 14, 2002. Any reply shall be filed on or before June 28, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 10 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA A. DYER, M.D., MPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 01 C 1691 |
| v. | ) |
| | ) Judge John W. Darrah |
| JOHN R. LUMPKIN, M.D.; GOVERNOR | ) |
| GEORGE H. RYAN; REVEREND EDWARD HAMB; | ) |
| GARY ROBINSON; MICHELLE | ) |
| GENTRY-WISEMAN; MARK SCHMIDT; | ) |
| DARREL BALMER; MICHAEL SCHWARTZ; | ) |
| DEANNA MOOL; and GEORGE A.P. MURPHY, | ) |
| | ) |
| Defendants. | ) |

DOCKETED
MAY 1 0 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Julia A. Dyer ("Dyer"), filed a multi-count complaint against Defendants. In August 2001, this Court dismissed Plaintiff's complaint without prejudice. Dyer filed an amended complaint, alleging that Defendants violated her constitutional rights in various ways, including her first amendment, equal protection, and due process rights, and state law claims, including breach of duty, intentional infliction of emotional distress, and defamation. In February 2002, this Court dismissed, in part, Dyer's complaint with prejudice on grounds that her claims were barred by the doctrine of *res judicata*. *Dyer v. Lumpkin*, 2002 WL 206048 (N.D. Ill. Feb. 11, 2002). Before the Court is Dyer's Motion for Clarification/Modification/Reconsideration of the Court's February 7, 2002 Order.

The underlying facts are fully set forth in the Court's previous dispositions and need not be repeated here. Any relevant additional facts in the amended complaint that are not included in the previous dispositions are addressed as necessary.

Dyer first questions the Court's statement in the February 7, 2002 Memorandum Opinion

and Order ("Court's Order") that: "Defendants argue, for the first time, that all of Dyer's claims are barred by the doctrine of *res judicata*." Dyer points out that the Defendants previously argued that Dyer's defamation claim should be dismissed on grounds of *res judicata* in their motion to dismiss the original complaint. While the Defendants did previously argue that one defamation claim should be dismissed on grounds of *res judicata*, which was not addressed because all of Dyer's state law claims were dismissed because they were required to be brought in the Court of Claims, the Court's Order correctly states that the Defendants first argued that all of Dyer's claims were barred by the doctrine of *res judicata* in its motion to dismiss Dyer's amended complaint.

Dyer also argues that the Court's ruling that the doctrine of *res judicata* barred her claims was incorrect because the circuit court dismissed her Writ of Mandamus ("Writ") for failing to exhaust her administrative remedies is jurisdictional and, therefore, not a final judgment on merits.

In their motion to dismiss, Defendants stated that Dyer's Writ was dismissed for failure to state a claim and another count that was not re-alleged in the federal suit was dismissed for lack of subject matter jurisdiction. Dyer did not contest the statement and did not present an argument against the Writ's dismissal constituting an adjudication on the merits. Instead, Dyer argued that not all of the defendants in her present suit were included in the Writ and that there was not an identity in the causes of action. The circuit court's order dismissing the Writ stated that the motion to dismiss was sustained and did not identify the grounds for dismissal. Based on the Defendants' assertion, the absence of any objection or statement to the contrary by Dyer, and the language of the circuit court's order, this Court found that the dismissal of the Writ was

2

an adjudication on the merits. After analyzing the other elements of *res judicata*, this Court found that Dyer's claims were barred by the doctrine of *res judicata*.[1]

In their response to the present motion, Defendants now state that Dyer is correct that her Writ was dismissed for failure to exhaust administrative remedies. Defendants do not offer any explanation why the original motion stated otherwise. Instead, Defendants cite dicta in three cases that include statement that "the doctrine[] of exhaustion [of adminstrative remedies] ... do not technically involve jurisdiction...." *See e.g. Peoples Energy Corp. v. Illinois Commerce Comm'n*, 142 Ill. App. 3d 917, 930 (1986). Likewise, Dyer does not offer any explanation for her failure to contest the statement or the issue in the previous motion. Nor does she now cite any case law supporting her assertion that dismissal for failure to exhaust administrative remedies is jurisdictional and does not constitute an adjudication of the merits. In addition, neither party addresses Dyer's failure to exhaust her administrative remedies as it may affect this Court's jurisdiction.

The failure to exhaust an administrative review, where required, is jurisdictional, and a trial court has no subject matter jurisdiction. *See James v. Mims*, 316 Ill. App. 3d 1179, 1180-81 (2000); *Mandeville v. Truncano*, 225 Ill. App. 3d 505, 508 (1992). Dismissal for lack of jurisdiction does not operate as an adjudication upon the merits of a case pursuant to Illinois Supreme Court Rule 273. Accordingly, based on what the parties now provide the Court, the doctrine of *res judicata* does not apply to Dyer's first amended complaint based on her Writ.

In the alternative, Defendants argue that Dyer's claims are barred by the doctrine of *res*

---

[1] Because Dyer is seeking review of the Court's ruling on this issue and in light of the "plain error", the Court addresses Dyer's new argument. *See Pickett v. Prince*, 207 F.3d 402, 407-08 (7th Cir. 2000) (trial court should have reconsidered ruling to dismiss in light of "plain error").

3

*judicata* based on Dyer's administrative proceeding before the Civil Service Commission. Defendant made a similar argument in their motion to dismiss. However, the motion to dismiss is not clear whether Defendants are arguing the present suit should be dismissed because the Civil Service Commission's resolution of Dyer's claim is *res judicata*. The Court did not address the argument in the previous disposition in light of its finding that Dyer's Writ was *res judicata* of her claims.

In response to Defendants' alternative argument, Dyer cites case law for the elements of *res judicata* and makes the blanket statement that, "The claim before the Court is in no way 'identical' nor are the parties 'identical' and there was never a 'final judgment on the merits rendered by a court of competent jurisdiction'". Dyer does not include any other facts to support the quoted statement. Instead, Dyer recites facts from the complaint concerning the administrative hearing and its alleged inadequacy. Dyer fails to indicate how these facts apply to elements of the doctrine of *res judicata* and support her blanket statement. She also fails to cite any case law in support of the argument she may be attempting to make in relation to the facts she does recite.

In light of the fact that at least one of the Defendants' factual statements in the motion to dismiss was incorrect, and the incompleteness of the arguments in the briefs in respect to the motion to reconsider, including relevant facts and legal authority, the Court is unable to determine the merits of the parties' remaining arguments in both this motion and the previous motion to dismiss.

Based on the above, Dyer's Motion for Clarification/Modification/Reconsideration of the Court's February 7, 2002 Order is granted. The Court's February 7, 2002 Memorandum

Opinion and Order and Minute Order are vacated, and the case is reopened. Defendants are given leave to file a responsive pleading, including a motion to dismiss, on or before May 24, 2002. Any response thereto shall be filed on or before June 14, 2002. Any reply shall be filed on or before June 28, 2002. All pleadings/briefs shall include only necessary facts that are supported by the record or materials that the Court may properly consider when ruling on a motion to dismiss. Furthermore, all arguments shall include application of the relevant facts to the supporting case law.

Dated: May 9, 2002

JOHN W. DARRAH
United States District Judge